UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** EDCV 18-2030-MWF (SHKx) | | **Date:** January 10, 2019 |
| **Title:** | James Rutherford v. Church's Chicken, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE: APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CHURCH'S CHICKEN [17]

Before the Court is Plaintiff James Rutherford's Application for Default Judgment Against Defendant Church's Chicken (the "Application"), filed on December 12, 2018. (Docket No. 17). No opposition to the Application was filed.

The Application is scheduled to be heard on January 14, 2019. The Court has read and considered the papers filed in connection with the Application and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Application is **DENIED**. It does not appear that Plaintiff has properly served Church's Chicken with the Summons and Complaint in accordance with the Federal Rules of Civil Procedure and the California Code of Civil Procedure. Specifically, Plaintiff's proof of service indicates that he served a "Shift Manager" at one of Church's Chicken's restaurants, but there is no evidence that this person is the registered agent for service of process or is otherwise authorized to receive service on behalf of Church's Chicken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2030-MWF (SHKx)     Date: January 10, 2019
Title:     James Rutherford v. Church's Chicken, et al.

## I. BACKGROUND

The operative First Amended Complaint ("FAC") contains the following allegations, which are accepted as true for purposes of the Application. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Plaintiff "is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects." (FAC ¶ 1 (Docket No. 18)). As a result of these limitations, Plaintiff "relies upon mobility devices, including at times a wheelchair, to ambulate" and is also "the holder of a Disabled Person Parking Placard." (*Id.*). Defendant Church's Chicken is "a business entity form unknown" and is alleged to have "owned, operated and controlled" a restaurant located at 480 North Imperial Highway, El Centro, California 92243. (*See id.* ¶¶ 5–6).

Plaintiff alleges that in June and September 2018, he went to the restaurant to purchase a meal. (*Id.* ¶ 11). Plaintiff also alleges that, "although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities . . . ." (*Id.* ¶ 14).

Plaintiff further alleges that he experienced the following barriers in the parking lot: (1) no "compliant accessible or van accessible parking signage"; (2) "the accessible parking space access aisle . . . has a slope and a cross slope both exceeding 4.3%" whereas the maximum permitted is only 2%; and (3) "the surface of the accessible parking and access zone is cracked, worn and weathered." (*Id.* ¶ 15). He also experienced the following barriers once inside the restaurant: (1) the "clear floor space at the interior of the restroom door at the latch side is occupied by the sink . . . and 18 inches of clearance are required, but not provided"; (2) "the width of the restroom door is only approximately 31.7 inches"; (3) "the water supply and drain pipes under sink are not insulated or otherwise configured to protect against contact";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-2030-MWF (SHKx)          Date:  January 10, 2019
Title:    James Rutherford v. Church's Chicken, et al.

and (4) the "clearance around the water closet is less than 60 inches minimum measured perpendicular from the side wall and 56 inches (1,420 mm) minimum measured perpendicular from the rear wall."  (*Id.*).

Plaintiff finally alleges that, as a result of these barriers, he is "deterred from patronizing the [restaurant] and its accommodations . . . but intends to return."  (*Id.* ¶ 21).

Plaintiff asserts two claims for relief: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*; and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51 *et seq.* (*Id.* ¶¶ 28–37).

## II.  DISCUSSION

### A.  Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is not satisfied that Plaintiff has met all procedural requirements for obtaining a default judgment.  Specifically, the Court is not convinced that Plaintiff has properly served Church's Chicken with the Summons, Complaint, and other court papers.

Based upon the proof of service he filed, on October 26, 2018, Plaintiff served the Summons, Complaint, and other court papers on Maria Herrere, the "Shift Manager" of the specific Church's Chicken location he attended.  (*See* Docket No. 10). The proof of service notes the following about Ms. Herrere: "charge authorized to accept."  (*Id.*).  This presumably means she is in charge of the restaurant at the time service was effected and authorized to accept such service.

Service upon a corporation, like Church's Chicken, is governed by Rule 4(h) of the Federal Rules of Civil Procedure, which states in relevant part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 18-2030-MWF (SHKx)          **Date:** January 10, 2019
**Title:**     James Rutherford v. Church's Chicken, et al.

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

*See* Fed. R. Civ. P. 4(h)(1).

Service upon Church's Chicken, therefore, can be accomplished by either (1) the manner prescribed by Rule 4(e)(1) or (2) delivery of the Summons and Complaint to an officer, managing or general agent, or any other agent authorized by appointment or law. The Court is not persuaded that Plaintiff has effected service under either option:

*First*, under Rule (4)(e)(1), service on a corporation can be effected "following state law for serving a summons in an action . . . where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). In California, a summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following relevant methods:

> (a) To the person designated as agent for service of process . . . .
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 18-2030-MWF (SHKx)          **Date:** January 10, 2019
**Title:**     James Rutherford v. Church's Chicken, et al.

---

manager, or a person authorized by the corporation to receive service of process.

See Cal. Code Civ. Proc. 416.10.

Service is proper where it is made "upon a representative so integrated with the organization that he [or she] will know what to do with the papers . . . [generally] when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his [or her] part to receive service." *Jones v. Automobile Club of Southern California*, 26 Fed. App'x 740, 743 (9th Cir. 2002).

Here, there is no evidence that Ms. Herrere is the person designated as agent for service of process. Plaintiff has also not presented any evidence to show that Ms. Herrere holds any of the roles listed (*e.g.*, president) or is authorized by Church's Chicken to receive service apart from a note in the proof of service indicating that she is in "charge" and "authorized to accept" unspecified things. Moreover, it is unclear how Ms. Herrere, as a "Shift Manager," is so integrated with Church's Chicken that she would know what to do with the Summons and Complaint or how she holds a position as to make it reasonable to imply that she is authorized to receive service on behalf of Church's Chicken as a corporation. As one district court in the Ninth Circuit has concluded in a similar context, "attempted service upon the *shift manager* at Wal–Mart was insufficient to properly effect service upon Wal–Mart Stores, Inc." *Cf. David v. Wal–Mart Stores, Inc.*, No. 10-cv-375-EJL, 2011 WL 2550827, at *1 (D. Idaho June 27, 2011) (emphasis added).

*Second*, service may also be effected by delivering a copy of the Summons and Complaint to an officer, managing or general agent, or any other agent authorized by appointment or law. *See* Fed. R. Civ. P. 4(h)(1)(B). As discussed above, there is no indication that Ms. Herrere is in any way authorized by Church's Chicken or law to accept service of process.

Accordingly, the Court declines to enter default judgment because service of the Summons and Complaint did not comply with Rule 4(h)(1) and therefore does not reach the *Eitel* factors at this juncture.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2030-MWF (SHKx)      Date: January 10, 2019
Title:      James Rutherford v. Church's Chicken, et al.

### III.    CONCLUSION

For the reasons discussed above, the Application is **DENIED** *without prejudice*. The Court will give Plaintiff an opportunity to renew a motion for default judgment following proof of proper service of a Summons and operative FAC upon Church's Chicken.

The entry of default by the Clerk is **VACATED**.

On or before **February 4, 2019**, Plaintiff shall (a) file proof of service indicating proper service on Church's Chicken with the Summons, FAC, and other court papers; or (b) state to the Court the efforts made to serve Church's Chicken and request additional time to complete proper service. Failure to do so will result in dismissal *with prejudice* of the claims against Church's Chicken for failure to prosecute and comply with the Court's orders.

Church's Chicken shall respond to the FAC within **21** days of proper service. If it fails to respond within 21 days, Plaintiff may request an entry of default from the Clerk. After default is entered, Plaintiff shall file a new motion for default judgment within **14** days.

If Plaintiff no longer wishes to pursue its claims against Church's Chicken, then he should request voluntary dismissal pursuant to Rule 41.

IT IS SO ORDERED.