UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** EDCV 18-2030-MWF (SHKx)        **Date:** February 6, 2019
**Title:**     James Rutherford v. Church's Chicken, et al.

**Present:**    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DISMISSING ACTION

On September 21, 2018, Plaintiff James Rutherford commenced this action against Church's Chicken, a "business entity form unknown." (*See* Complaint ¶ 5 (Docket No. 1)). Plaintiff's proof of service indicated that service was effected on a "Shift Manager." (Docket No. 10). On December 12, 2018, Plaintiff filed an Application for Default Judgment against Church's Chicken (the "Application") and the operative First Amended Complaint, adding Valley Park Center as a Defendant. (Docket Nos. 17–18). The First Amended Complaint describes Valley Park Center as the owner of the property where Church's Chicken is located.

As to Church's Chicken, on January 10, 2019, the Court denied Plaintiff's Application because there is no indication that the "Shift Manager" was authorized to accept service. (Order Denying Application at 5 (Docket No. 22)). The Court ordered Plaintiff to properly serve Church's Chicken by February 4, 2019, and warned that "[f]ailure to do so will result in dismissal ***with prejudice*** of the claims against Church's Chicken for failure to prosecute and comply with the Court's orders." (*Id.* at 6 (emphasis in original)). As of February 5, 2019, Plaintiff has not filed a proof of service.

As to Valley Park Center, on January 17, 2019, Plaintiff filed a proof of service indicating that Valley Park Center was served on December 27, 2018. (Docket No. 23). The Court issued an Order, noting that the proof of service was deficient because it did not include service of the required Notices to Parties: ADA Disability Access Litigation. (Docket No. 24). The Court ordered Plaintiff to properly serve Valley Park

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 18-2030-MWF (SHKx)           **Date:** February 6, 2019
**Title:**      James Rutherford v. Church's Chicken, et al.

Center with all required documents by February 4, 2019, and warned that "[f]ailure to comply with the Court's Order will result in the dismissal of this action." (*Id.* at 2 (emphasis removed)).

     Plaintiff filed a new proof of service on February 4, 2019, purportedly serving Valley Park Center, a California general partnership, via the same "Shift Manager" of Church's Chicken. (Docket No. 25). This purported proof of service on its face reflects insufficient service on Valley Park Center. It was merely a stratagem to pretend to comply with the Court's Order without actually spending any money or doing any research on Valley Park Center. Therefore, the proof of service is **STRICKEN.**

     It is well-established that a district court has authority to dismiss a plaintiff's action due to its failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

     Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

     Taking all of these factors into account, dismissal of the entire action is warranted. As to Church's Chicken, dismissal is warranted under Rule 41 for failure to comply with the Court's Order and also under Rule 4(m) for failure to serve Church's Chicken within the proper amount of time. As to Valley Park Center, dismissal is warranted under Rule 41 for failure to comply with the Court's Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 18-2030-MWF (SHKx) | **Date:** February 6, 2019 |
| **Title:** James Rutherford v. Church's Chicken, et al. | |

Accordingly, the proof of service at Docket No. 24 is **STRICKEN**. The action is **DISMISSED.** As to Church's Chicken, the dismissal is ***with prejudice***.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.